## MIDDLE DISTRICT, HARRISBURG, 1853.

## Urich *versus* Neuer.

1. The decision of a jury in a criminal case, that the defendant shall pay the costs, is not conclusive of the existence of probable cause.
2. Putting the costs in a criminal prosecution on the prosecutor by the jury, is not conclusive of the want of probable cause.

ERROR to the Court of Common Pleas.

The opinion of the court was delivered, July 25, 1853, by

LEWIS, J.—If the decision of a jury, in a criminal case, that the defendant shall pay the costs, be conclusive of the existence of probable cause for the prosecution, their order, imposing them upon the prosecutor, should be equally conclusive of its non-existence. And if the decision against the prosecutor conclusively establishes the cause of action, in a demand of damages for malicious prosecution, there is no reason why the penalty imposed, and the compensation recovered by means of the sentence for costs, including the defendant's bill, should not be equally conclusive upon the amount of damages. Thus, in many cases, the remedy for malicious prosecution would be greatly impaired, and all adequate compensation for the injury denied. To impair the remedy for a wrong, is to encourage its perpetration; to throw obstacles in the way of obtaining adequate redress for malicious prosecutions, is to encourage them. This was no part of the object of the Act of 8th December, 1804. On the contrary, so far from encouraging malicious prosecutions, its object, as declared in the preamble, was to discourage them, by transferring the liability for the expenses from the county to the parties. This was not provided as a substitute for the common law action for malicious prosecution, or for the statutory remedy of double damages, but was merely designed as an independent and cumulative enactment, to discourage the tendency to "trifling and unfounded" prosecutions, produced by the laws which enabled the parties to litigate at the expense of the county.

To hold that a defendant in a criminal prosecution, is barred of all remedy for the unjust accusation, merely because his adversary, by means of his own false testimony perhaps, has succeeded in putting the costs on him, would be justifying one wrong by another. The decision of the jury, touching the payment of the costs, does not necessarily depend upon the presence or absence of probable cause. This may very properly form an ele-

[Glenn v. Cuttle.]

ment in making up the decision, but there are others which enter legitimately into it, and the jury are not restricted. For that reason, and for the additional one that the criminal proceedings are not between the parties to the civil suit, the decision of the jury on the question of costs, is not conclusive. The record of the criminal prosecution may be good evidence of the facts, that a prosecution was actually commenced against the plaintiff; that it has terminated in his favor, and that the defendant was the prosecutor; but the decision of the jury respecting the payment of 'the costs, is certainly not conclusive upon a question, not necessarily involved in the issue. The error assigned is not sustained.

Judgment affirmed.